JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| William Garcia | Vertical Screen, Inc. |

| (b) County of Residence of First Listed Plaintiff | Montgomery Co PA | County of Residence of First Listed Defendant | Bucks Co PA |
|---|---|---|---|
| | *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* | |
| | | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED | |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| David J Cohen, Stephan Zouras LLP <br> 604 Spruce Street, Phila., PA 19106 / (215) 873-4836 | N/A |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ◻ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ◻ 2 U.S. Government Defendant
- ◻ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - Product Liability | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | ◻ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | ◻ 330 Federal Employers' Liability | | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 340 Marine | ◻ 368 Asbestos Personal Injury Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ◻ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ◻ 835 Patent - Abbreviated New Drug Application | ◻ 460 Deportation |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | **LABOR** | ◻ 840 Trademark | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| ◻ 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 380 Other Personal Property Damage | ◻ 720 Labor/Management Relations | ◻ 861 HIA (1395ff) | ◻ 490 Cable/Sat TV |
| ◻ 195 Contract Product Liability | ◻ 362 Personal Injury - Medical Malpractice | ◻ 385 Property Damage Product Liability | ◻ 740 Railway Labor Act | ◻ 862 Black Lung (923) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 196 Franchise | | | ◻ 751 Family and Medical Leave Act | ◻ 863 DIWC/DIWW (405(g)) | ◻ 890 Other Statutory Actions |
| | | | | ◻ 864 SSID Title XVI | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | ◻ 865 RSI (405(g)) | ◻ 893 Environmental Matters |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | ◻ 791 Employee Retirement Income Security Act | | ◻ 895 Freedom of Information Act |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ◻ 896 Arbitration |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate Sentence | | ◻ 870 Taxes (U.S. Plaintiff or Defendant) | ◻ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ◻ 240 Torts to Land | ◻ 443 Housing/ Accommodations | ◻ 530 General | | ◻ 871 IRS—Third Party 26 USC 7609 | ◻ 950 Constitutionality of State Statutes |
| ◻ 245 Tort Product Liability | ◻ 445 Amer w/Disabilities - Employment | ◻ 535 Death Penalty | **IMMIGRATION** | | |
| ◻ 290 All Other Real Property | ◻ 446 Amer w/Disabilities - Other | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 448 Education | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration Actions | | |
| | | ◻ 550 Civil Rights | | | |
| | | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ◻ 2 Removed from State Court
- ◻ 3 Remanded from Appellate Court
- ◻ 4 Reinstated or Reopened
- ◻ 5 Transferred from Another District *(specify)*
- ◻ 6 Multidistrict Litigation - Transfer
- ◻ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA, 29 U.S.C. Sec. 201 et seq

Brief description of cause:
Failure to pay overtime wages

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P | DEMAND $ | CHECK YES only if demanded in complaint. JURY DEMAND: ☒ Yes ◻ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions)* JUDGE N/A DOCKET NUMBER N/A

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 1, 2018 | |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE NOV 2018 |
|---|---|---|---|---|

18-4718

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 400 Easton Road, Horsham Pa 19044 _____

Address of Defendant: _____ 251 Veterans Way, Warminster, PA 18974 _____

Place of Accident, Incident or Transaction: _____ Bucks Co. PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ N/A _____   Judge: _____ N/A _____   Date Terminated: _____ N/A _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____ November 1, 2018 _____                          PA 74070

_____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify)* _____ FLSA, 29 U.S.C. Sec. 201 et seq _____

**B.  Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ David J. Cohen _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

NOV -1 2018

DATE _____ November 1, 2018 _____                          PA 74070

_____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

William Garcia                       :          CIVIL ACTION
                    v.               :
Vertical Screen, Inc.                :          NO. 18 - 4718

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos  - Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  (⋈)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

| Nov. 1, 2018 | David J. Cohen | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-873-4836 | 312-233-1560 | dcohen@stephanzouras.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV -1 2018



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM GARCIA,                                  )
for himself and all others similarly situated,   )      Case No. 18-418
            Plaintiff,                           )
                                                 )
        v.                                       )
                                                 )
VERTICAL SCREEN, INC.,                           )      JURY TRIAL DEMANDED
            Defendant.                           )
                                                 )

### COLLECTIVE / CLASS ACTION COMPLAINT

William Garcia ("Plaintiff"), by and through his undersigned counsel, hereby makes the following allegations against Vertical Screen, Inc. ("Defendant") concerning his acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of his counsel:

### NATURE OF THE ACTION

1.      Plaintiff brings this action to redress common policies and practices by which Defendant requires all of its full-time, hourly Researchers and Team Leaders to perform work-related tasks before their daily time is tracked and allows department managers or supervisors to "shave" time off hourly Researchers' and Team Leaders' recorded time to reduce the Company's labor costs. Together, Defendant's practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") by failing to accurately record employees' work time and knowingly denying them overtime premium wages for hours they actually work.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which

1

NOV -7 2018

provides that suit under the FLSA "may be maintained against any employer... in any Federal or State court of competent jurisdiction." This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under the FLSA.

3.      This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367, because this claim arises from the same occurrences and transactions as Plaintiff's FLSA claim (i.e., Defendant's failure to pay overtime wages) and these underlying facts are so related to Plaintiff's PMWA claim as to form part of the same case or controversy.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Plaintiff and Defendant both reside in this District, Plaintiff worked for Defendant in this District and suffered the losses at issue in this District, Defendant has significant business contacts in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and actions and omissions giving rise to Plaintiff's claims occurred in this District.

**THE PARTIES**

5.      Plaintiff is an individual who resides in Horsham, PA (Montgomery Co.). From August 2013 to August 2018, Plaintiff worked as a full-time, hourly employee in Defendant's Public Records Department. Plaintiff was one of about 900 hourly-paid Researchers and Team Leaders at Vertical Screen, Inc. whose daily work involves running pre-employment background checks in various databases (court records, criminal records, education records, employment records, etc...) for people applying for work with Defendant's clients. *See https://www.vertical screen.com/our-story/*. Plaintiff is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation. *See* Exhibit A.

2

6.     Defendant is a "family" of four entities in business under the same ownership since 1989 and with a single headquarters in Warminster, PA (Bucks Co.). *See https://www. verticalscreen.com/*.   Defendant's business is comprised of three "subsidiaries" that provide specialized applicant screening services, the Business Information Group (financial services), Certiphi Screening (healthcare) and True Screen (general business, non-profits and schools) and Fieldprint, a "sister company" that provides fingerprinting and identity services. *See https://www. verticalscreen.com/why-verticalscreen/*.   Throughout the relevant period, Defendant has controlled all of the significant business functions of the entities in its "family", including: setting and implementing the work, timekeeping and compensation policies and practices at issue in this matter, providing training on these policies and procedures, tracking employees' hours worked and setting and paying its employees' wages.

## BACKGROUND FACTS

7.     Defendant employs hourly-paid Researchers and Team Leaders to run pre-employment background checks in various databases (court records, criminal records, education records, employment records, etc...) for people applying for work with Defendant's clients.

8.     Defendant maintains common timekeeping and compensation policies and practices for all hourly-paid Researchers and Team Leaders that include:

a.     Requiring them to spend about 10 minutes per day to log-in on a computer to access the ADP timekeeping system, log-in to the ADP timekeeping system, address hardware and software problems that often require them to perform updates, reconfigure passwords and/or repeat the log-in process one or more times until their log-in is accepted – at which point the system starts tracking their time, or;

b.     Requiring them to spend about 15 minutes per day on days they are unable to access the ADP timekeeping system, going through the failed log-in process described above and then writing an e-mail to their supervisor describing their log-in problems and advising they are at work – at which point their supervisor uses their e-mail time-stamp as their start-time for the day in the ADP system; and

3

      c.     Allowing department managers and/or supervisors to "shave" one to two hours per month off their recorded work time to reduce the Company's labor costs and, when occasionally caught by an employee, to attribute this difference to a "glitch" in the ADP system.

9.     During his employment, Mr. Garcia was regularly scheduled to work 40 hours per week running pre-employment background checks for people applying for work with Defendant's clients. Mr. Garcia experienced delays and problems logging-in to Defendant's timekeeping system almost every day, including: having to wait for other employees to log-out of the ADP system before he could log-in, having to wait for the computer to load, having to wait for the ADP system to load, having to update or reconfigure his password, experiencing a failed log-in and having to re-start the log-in process, being unable to log-in, having to send his supervisor an e-mail describing his log-in problems. Mr. Garcia believes these problems, which took 10-15 minutes per day to work around, resulted in about two to four hours of unpaid time each month. Further, by comparing the number of hours he worked to the number of hours for which he was paid, Mr. Garcia also believes Defendant regularly "shaved" about one to two hours per month off his weekly work time and failed to pay him any wages for these hours, thus reducing the Company's labor costs.

10.     Mr. Garcia and other employees regularly communicated with their supervisors, department managers and the human resources department about problems with Defendant's log-in policies and procedures, including that they were regularly going unpaid for time they had to spend logging-in to Defendant's computer and timekeeping systems each day. In response, Defendant's supervisors and managers simply responded that this is how the Company works and did not do anything to address or fix the problem.

11.     Mr. Garcia and other employees regularly communicated with their supervisors, department managers and upper management about hours being "shaved" from their weekly work

4

time. In response, Defendant's supervisors and managers either downplayed the issue, or suggested there could be a "glitch" in the timekeeping or payroll systems and offered to look into it. Despite these statements, Defendant's supervisors and managers did not do anything to address or fix the problem.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings his FLSA claim on an opt-in, collective basis pursuant to 29 U.S.C. § 216(b) for himself and all people who have worked as full-time, hourly Researcher or Team Leader for Defendant in any workweek during the maximum limitations period (the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

13. Plaintiff belongs to the FLSA Collective, because he worked as an hourly paid Team Leader for Defendant during the relevant period.

14. The FLSA Collective is "similarly situated," as defined by 29 U.S.C. § 216(b), because its members worked under similar terms and conditions, in similar jobs and were subjected to the common, Company-wide policies and practices described herein.

15. Plaintiff and the FLSA Collective do not meet any test for exemption under the FLSA.

16. Plaintiff estimates that the FLSA Collective, including both current and ex-employees over the relevant period, include about 900 members. The precise number of FLSA Collective members should be available from Defendant's personnel, scheduling, time and payroll records, and from input received from the collective group members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

17.     Plaintiff brings his PMWA claim on an opt-out, class action basis pursuant to Fed. R. Civ. P. 23 for herself and all Pennsylvania residents who have worked as full-time, hourly Researcher or Team Leader for Defendant in any workweek during the maximum limitations period without receiving all overtime wages due for all of the overtime hours they worked (the "PA Class"). Plaintiff reserves the right to amend this definition as necessary.

18.     Plaintiff is a member of the PA Class because he is a Pennsylvania resident who worked as a full-time hourly Team Leader for Defendant during the relevant period and did not receive all overtime wages due for all of the overtime hours he worked.

19.     Class treatment of Plaintiff's PMWA claim is appropriate because the PA Class satisfies the requirements of Fed. R. Civ. P. 23.

20.     The PA Class is so numerous that joinder of all its members would be impracticable. Defendant has about 900 employees who fit the PA Class definition, meaning that joining all of their claims would be impracticable.

21.     Plaintiff's claims are typical of the claims belonging to the PA Class. Plaintiff is similarly-situated to the PA Class because he worked for Defendant under the common policies and procedures identified above, and was denied legally-required wages for his work as a result of Defendant's common course of wrongful conduct.

22.     There are material questions of law or fact common to the members of the PA Class because, as discussed throughout this filing, Defendant engaged in a common course of conduct that violated the PA Class members' legal rights. The legality of Defendant's policies will be demonstrated by applying generally applicable legal principles to common evidence. Any individual questions Plaintiff's claims present will be far less central to this litigation than the

6

numerous common questions of law and fact, including:

      a.      whether Plaintiff and the PA Class have been subjected to materially-identical timekeeping and compensation policies;

      b.      whether Defendant maintains policies or procedures to keep accurate, contemporaneous records of the hours worked by Plaintiff and the PA Class

      c.      whether Defendant maintains policies or procedures to ensure that Plaintiff and the PA Class are properly paid for all hour they actually work;

      d.      whether Defendant requires Plaintiff and the PA Class to spend about 10 minutes per day logging-in on a computer to access the ADP timekeeping system, logging-in to the ADP timekeeping system, addressing hardware and software problems that often require them to perform updates, reconfigure passwords and/or repeat the log-in process one or more times until their log-in is accepted – at which point the system starts tracking their time;

      e.      whether Defendant requires Plaintiff and the PA Class to spend about 15 minutes per day on days they are unable to access the ADP timekeeping system, going through the failed log-in process and then writing an e-mail to their supervisor describing their log-in problems and advising they are at work – at which point their supervisor uses their e-mail time-stamp as their start-time for the day in the ADP system;

      f.      whether Defendant allows department managers and/or supervisors to "shave" one to two hours per month off Plaintiff's and the PA Class' recorded work time to reduce its labor costs;

      g.      whether Defendant denied Plaintiff and the PA Class overtime premium wages owed under the PMWA; and

      h.      whether Defendant should be required to pay compensatory damages, liquidated damages and/or attorneys' fees and costs, or enjoined from continuing the wage and hour violations alleged in this Complaint.

      23.      Plaintiff will fairly and adequately assert and protect the interests of the PA Class because: there is no apparent conflict of interest between Plaintiff and the PA Class; Plaintiff's counsel have successfully prosecuted many complex class actions, including state-law wage and hour class actions, and will adequately prosecute these claims; and Plaintiff has adequate financial resources to assure that the interests of the PA Class will not be harmed because his counsel has

agreed to advance the costs and expenses of litigation on the Class' behalf contingent upon the outcome of this litigation consistent with Pa. R. Prof. Conduct 1.8(e)(1).

24.     Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the PA Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claims addressed in this Complaint, which presently appear to involve approximately 2-4 hours' of unpaid overtime wages per month per employee, are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

25.     Allowing Plaintiff's PMWA claim to proceed as a class action will be superior to requiring the individual adjudication of each PA Class member's claim, since requiring several hundred hourly-paid employees to file and litigate individual wage claims will place an undue burden on the PA Class members, Defendant and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each PA Class member are relatively small, the expenses and burdens associated with individual litigation would make it prohibitively impractical for them to bring individual claims. Further, the presentation of separate actions by individual PA Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the PA Class members to protect their interests.

26.     Allowing Plaintiff's claims to proceed as a class action is also appropriate because Pennsylvania's wage laws expressly permit private class action lawsuits to recover unpaid wages.

8

## COUNT I
## VIOLATION OF THE FLSA
## Unpaid Overtime Wages

27.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

28.     Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

29.     Plaintiff and the FLSA Collective are "employees" as defined by 29 U.S.C. § 203(e)(1).

30.     The wages Defendant paid to Plaintiff and the FLSA Collective are "wages" as defined by 29 U.S.C. § 203(m).

31.     Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

33.     Throughout the relevant period, Defendant has been obligated to comply with the FLSA's requirements, Plaintiff and the FLSA Collective members have been covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA Collective members have not been exempt from receiving wages required by the FLSA for any reason.

34.     29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

35.     Defendant has intentionally violated this provision of the FLSA with respect to the FLSA Collective by maintaining common timekeeping and compensation policies and practices that include: failing to maintain accurate, contemporaneous records of the FLSA Collective

9

members' work; requiring the FLSA Collective members to regularly spend between 10 and 15 minutes per day on unpaid work (logging-in to a work computer, logging-in to Defendant's ADP timekeeping system, addressing hardware and software problems, performing updates, reconfiguring passwords, e-mailing their supervisor to describe their log-in problems); allowing department managers and/or supervisors to "shave" one to two hours per month off their recorded work time to reduce the Company's labor costs; and thereby failing to pay them all wages owed, including overtime premium wages.

36.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiff's and the FLSA Collective members' rights under the FLSA.

37.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendant derived a direct and substantial benefit.

38.     For all the reasons stated above, Plaintiff and the FLSA Collective members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

### COUNT II
### VIOLATION OF THE PMWA
### Unpaid Overtime Wages

39.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

40.     Defendant is a covered employer required to comply with the PMWA's mandates.

41.     Plaintiff is seeking to recover "wages" as that term is defined by the PMWA.

42.     Plaintiff and the PA Class are employees entitled to the PMWA's protections, and, during the relevant period, were not exempt from receiving wages payable under the PMWA or its enabling Regulations for any reason.

43.     PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek. *See* 43 P.S. § 333.104(c).

44.     Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days". *See* 34 Pa. Code § 231.42.

45.     Throughout the relevant period, PMWA Section 8 required Defendant to "keep a true and accurate record of the hours worked by each employee and the wages paid to each." *See* 43 P.S. § 333.108.

46.     The PMWA provides that "any agreement between the employer and the worker" does not serve as a defense to civil actions brought to recover wages owed under the Act.

47.     Defendant has intentionally violated these provisions of the PMWA with respect to the PA Class members by maintaining common timekeeping and compensation policies and practices that include: failing to maintain accurate, contemporaneous records of the PA Class members' work; requiring the PA Class members to regularly spend between 10 and 15 minutes per day on unpaid work (logging-in to a work computer, logging-in to Defendant's ADP timekeeping system, addressing hardware and software problems, performing updates, reconfiguring passwords, e-mailing their supervisor to describe their log-in problems); allowing department managers and/or supervisors to "shave" one to two hours per month off their recorded

11

work time to reduce the Company's labor costs; and thereby failing to pay them all wages owed, including overtime premium wages

48.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiff's and the PA Class members' rights under the PMWA.

49.     There is no language in the PMWA, no exception to the PMWA or its enabling Regulations, or any applicable provision elsewhere in Pennsylvania law that permits Defendant to avoid paying Plaintiff and the PA Class members for their overtime work, so Defendant has no good faith justification or defense for failing to pay Plaintiff and the PA Class members all wages mandated by the PMWA.

50.     Defendant's failure to pay Plaintiff and the PA Class members all overtime wages owed for all hours they work beyond 40 per week violates the PMWA and has caused them to suffer economic harm.

51.     Plaintiff and the PA Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendant derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.      Certifying this matter to proceed as a collective action with respect to Count I and as a class action with respect to Count II;

b.      Approving Plaintiff as an adequate Class representative;

c.      Appointing Stephan Zouras, LLP to serve as Class Counsel;

d.      Finding Defendant willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiff and the FLSA Collective and PA Class members;

e.      Granting judgment in favor of Plaintiff and the FLSA Collective and PA Class members against Defendant on Counts I and II;

12

f.      Awarding all available compensatory damages in amounts to be determined;

g.      Awarding all available liquidated damages in amounts to be determined;

h.      Awarding pre-judgment interest on all compensatory damages due;

i.      Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j.      Awarding equitable and injunctive relief precluding the continuation of policies and practices pled in this Complaint;

k.      Awarding any further relief the Court deems just, necessary and proper; and

l.      Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing mandates.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: November 1, 2018

/s/ David J. Cohen
David J. Cohen
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside, Suite 2150
Chicago, IL  60606
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Counsel for Plaintiff and the Putative Collective / Class members*

## CONSENT TO BECOME PARTY PLAINTIFF

### *Garcia v. Vertical Screen*
### United States District Court, Eastern District of Pennsylvania

Complete and Mail, Fax or Email to:

Stephan Zouras, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Fax to: (312) 233-1560
Email to: lawyers@stephanzouras.com

By signing below, I state that I have been employed by **Vertical Screen**, or one of its subsidiaries or affiliates ("Defendants"), and that I hereby consent to join this lawsuit seeking unpaid overtime wages based on Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

I hereby designate the law firm Stephan Zouras, LLP, to represent me for all purposes of this action.

I also designate the Class Representative as my agent to make decisions on my behalf concerning this lawsuit, the method and manner of conducting the lawsuit, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

10/17/2018
_____
Date

DocuSigned by

D939FFB1FC734B5...
_____
Signature

william Garcia
_____
Print Name

**\*Statute of limitations concerns mandate that you return
this form as soon as possible to preserve your rights.**