## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM GARCIA,**<br>**for himself and all others similarly**<br>**situated,**<br><br>                        **Plaintiff,**<br><br>         **v.**<br><br>**VERTICAL SCREEN, INC.,**<br><br>                   **Defendant.** | **Civil Action No. 2:18-CV-4718** |

## ORDER

AND NOW, on this _____ day of _____, 2020, upon consideration of Defendant Vertical Screen, Inc.'s Motion for Summary Judgment as to Named Plaintiff William Garcia and any opposition thereto, if any, it is hereby ORDERED and DECREED that Defendant's Motion is **GRANTED** and Named Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE against Named Plaintiff William Garcia.

                                          **BY THE COURT:**

                                      _____

                                        DuBOIS, JAN E., J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**WILLIAM GARCIA,**
**for himself and all others similarly**
**situated,**

           **Plaintiff,**

    **v.**

**VERTICAL SCREEN, INC.,**

          **Defendant.**

**Civil Action No. 2:18-CV-4718**

### DEFENDANT VERTICAL SCREEN, INC.'S MOTION
### FOR SUMMARY JUDGMENT AS TO NAMED PLAINTIFF WILLIAM GARCIA

Defendant Vertical Screen, Inc., through the undersigned counsel, hereby moves for summary judgment as to Named Plaintiff William Garcia's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this motion, Defendant relies upon the accompanying Memorandum of Law and Statement of Undisputed Material Facts, the contents of which are incorporated herein by reference.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By:    */s/ Larry Besnoff*
         Larry Besnoff
         Sara E. Hoffman Ivill
         Monica L. Simmons
         Two Liberty Place
         50 S. 16th Street, Suite 3200
         Philadelphia, PA  19102-2555
         Telephone:  (215) 665-8700
         Facsimile:  (215) 665-8760
         larry.besnoff@bipc.com
         sara.hoffman@bipc.com

Respectfully submitted,

monica.simmons@bipc.com

Dated:  July 1, 2020                    *Attorneys for Defendant Vertical Screen, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **WILLIAM GARCIA,**<br>**for himself and all others similarly**<br>**situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VERTICAL SCREEN, INC.,**<br><br>**Defendant.** | **Civil Action No. 2:18-CV-4718** |

**DEFENDANT VERTICAL SCREEN, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
<u>NAMED PLAINTIFF WILLIAM GARCIA</u>**

**BUCHANAN INGERSOLL & ROONEY PC**
Larry Besnoff
Sara E. Hoffman Ivill
Monica L. Simmons
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760
larry.besnoff@bipc.com
sara.hoffman@bipc.com
monica.simmons@bipc.com

*Attorneys for Defendant Vertical Screen, Inc.*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................2

III.    STANDARD OF REVIEW ................................................................................2

IV.     ARGUMENT ......................................................................................................3

      A.      Summary Judgment Is Appropriate at This Stage as to Named Plaintiff's PMWA Claims. ..........................................................................3

      B.      Summary Judgment Is Appropriate at This Stage as to Named Plaintiff's FLSA Claims. ............................................................................4

      C.      Defendant Is Entitled to Judgment as a Matter of Law as to Named Plaintiff's FLSA and PMWA Claims. ........................................................4

            1.      Named Plaintiff Cannot Show That He Has Performed Overtime Work for Which He Was Not Properly Compensated When He Allegedly Experienced Delays or Problems Logging-In to the ADP Timekeeping System. ............................7

            2.      Named Plaintiff Cannot Show That His Wages Were Reduced By One to Two Hours a Month Due to Time "Shaving" by Department Managers and/or Supervisors or That Any Reduction Resulted In Unpaid Overtime Wages.......................17

            3.      Named Plaintiff Cannot Show That He Lost Any Paid Time When He Allegedly Experienced Delays or Problems Logging-In to His Computer or the ADP Timekeeping System Because The Alleged Delay Times Are *De Minimis*. ..............................................................................19

      D.      Named Plaintiff Has Failed To Demonstrate That Defendant Committed Willful Violations of the FLSA. ...........................................25

V.      CONCLUSION.................................................................................................27

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acker v. Provident Nat'l Bank,*
    512 F.2d 729 (3d Cir. 1975)..................................................................3

*Acosta v. Cent. Laundry, Inc.,*
    No. 15-1502, 2018 U.S. Dist. LEXIS 60549 (E.D. Pa. Apr. 10, 2018) ...................................17

*In Re: Amazon.Com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA)
    and Wage and Hour Litigation*
    (Pa.)..................................................................................19

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)..............................................................2, 3

*Anderson v. Mt. Clemens Pottery Co.,*
    328 U.S. 680 (1946)........................................................ *passim*

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................13

*Baum v. Astra Zeneca,*
    No. 09-2150, 372 Fed. Appx. 246 (3d Cir. Mar. 24, 2010) ...............................7, 19

*Berrada v. Cohen,*
    792 Fed. Appx. 158.................................................................16

*Bouaphakeo v. Tyson Foods, Inc.,*
    564 F. Supp. 2d 870 (N.D. Iowa 2008)...................................................4

*Boyle v. Cnty. of Allegheny,*
    139 F.3d 386 (3d Cir. 1988).........................................................3

*Carter v. Panama Canal Co.,*
    314 F. Supp. 386 (D.D.C. 1970), *aff'd*, 463 F.2d 1289 (D.C. Cir.), *cert.
    denied*, 409 U.S. 1012 (1972) .....................................................21

*Chambers v. Sears Roebuck and Co.,*
    428 Fed. Appx. 400 (5th Cir. 2011)..................................................21

*Commonwealth v. Stuber,*
    822 A.2d 870 (Pa. Cmwlth. 2003), *aff'd* 580 Pa. 66 (2004)..............................7, 19

*Corbin v. Time Warner Ent.-Advance/Newhouse P'ship,*
    821 F.3d 1069 (9th Cir. 2016) ...............................................19, 20, 22, 23

*Crawford v. Saks & Co.*,
  No. H-14-3665, 2016 U.S. Dist. LEXIS 71805 (S.D. Tx. June 2, 2016) ................................4

*Davis v. Abington Mem. Hosp.*,
  765 F.3d 236 (3d Cir. 2014)..........................................................................................9, 13, 14

*Davis v. Food Lion*,
  792 F.2d 1274 (4th Cir. 1986) ........................................................................................9

*De Ascencio v. Tyson Foods, Inc.*,
  500 F.3d 361 (3d Cir. 2007), *cert. denied* 2008 U.S. LEXIS 4822 (U.S., Jun.
  9, 2008) ................................................................................................................................20

*E.I. du Pont De Nemours & Co. v. Harrup*,
  227 F.2d 133 (4th Cir. 1955) ............................................................................................21

*Enslin v. Coca-Cola*,
  No. 14-06476, 2017 U.S. Dist. LEXIS 49920 (E.D. Pa. Mar. 31, 2017)..................................3

*Fieni v. Franciscan Care Ctr.*,
  No. 09-5587, 2011 U.S. Dist. LEXIS 113910 (E.D. Pa. Sept. 30, 2011) ..................................3

*Gans v. Mundy*,
  762 F.2d 338 (3d Cir. 1985)............................................................................................3, 8

*Gillispie v. RegionalCare Hosp. Partners Inc.*,
  892 F.3d 585 (3d Cir. 2018), *petition for cert. denied by* 205 L. Ed. 2d 26,
  2019 U.S. LEXIS 4661 (U.S. Oct. 7, 2019) ......................................................................16

*Gonzalez v. Sec'y of Dep't Homeland Sec.*,
  678 F.3d 254 ......................................................................................................................16

*Green v. Planters Nut & Chocolate Co.*,
  177 F.2d 187 (4th Cir. 1949) ............................................................................................21

*Harris v. Healthcare Services Grp.*,
  No. 06-2903, 2008 U.S. LEXIS 5507 (E.D. Pa., Jul. 18, 2008) .......................................10, 11

*Jackson v. AT&T Ret. Sav. Plan*,
  No. 19-116, 2019 U.S. Dist. LEXIS 189075 (W.D. Lo. Sept. 17, 2019) ..............................20

*Justofin v. Metro. Life Ins. Co.*,
  372 F.3d 517 (3d Cir. 2004)............................................................................................2

*Kuebel v. Black & Decker, Inc.*,
  643 F.3d 352 (2d Cir. 2011)............................................................................................25

*Levitt v. Tech. Educ. Servs.*,
2011 U.S. Dist. LEXIS 111195 (E.D. Pa. Aug. 7, 2012)....................................................7, 19

*Lexington Ins. Co. v. W. Pa. Hosp.*,
423 F.3d 318 (3d Cir. 2005)............................................................................................3, 8

*Lindow v. U.S.*,
738 F.2d 1057 (9th Cir. 1984) ..........................................................................20, 21, 22, 23

*Lopez v. Children's Memorial Hosp.*,
2002 U.S. Dist. LEXIS 24846, 2002 WL 31898188 (N.D. Ill. 2002) ...................................26

*Lugo v. Farmer's Pride*,
802 F. Supp. 2d 598 (E.D. Pa. 2011) ...................................................................................19

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
711 F.3d 106 (2d Cir. 2013)............................................................................................13, 14

*Martin v. Selker Bros., Inc.*,
949 F.2d 1286 (3d Cir. 1991).................................................................................8, 10, 17, 25

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128, 100 L. Ed. 2d 116, 108 S. Ct. 1677 (1988).......................................................25

*McNulty v. Fed. Hous. Fin. Agency*,
954 F. Supp. 2d 294 (M.D. Pa. 2013) ....................................................................................4

*Rosario v. Twp. of Teaneck*,
754 F.3d 177 (3d Cir. 2014).................................................................................... *passim*

*Scott v. Harris*,
550 U.S. 372 (2007).............................................................................................................16

*Smith v. Micron Electronics, Inc.*,
2005 U.S. Dist. LEXIS 2990, 2005 WL 5328543 (D. Idaho 2005)........................................25

*Stanislaw v. Erie Indem. Co.*,
No. 07-1078, 2012 U.S. Dist. LEXIS 19032 (W.D. Pa. Feb. 15, 2012)...........................25, 26

*Stone v. Troy Constr., LLC*,
935 F.3d 141 (3d Cir. 2019)..................................................................................................25

*Waine-Golston v. Time Warner Ent.-Advance*,
No. 11-1057, 2013 U.S. Dist. LEXIS 43899 (S.D. Cal. Mar. 27, 2013) ...............................20

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ..............................................................................................14

Fed. R. Civ. P. Rule 23 ..................................................................................................4

Fed. R. Civ. P. 56 ..........................................................................................................2

Fed. R. Civ. P. 56(a) ......................................................................................................2

**Statutes**

29 U.S.C. § 207(a)(1) .....................................................................................................8

29 U.S.C. § 216(b) ..........................................................................................................8

29 U.S.C. § 251 et seq.....................................................................................................8

29 U.S.C. § 255(a) of the FLSA ...................................................................................25

Fair Labor Standards Act ...................................................................................... *passim*

Pennsylvania Minimum Wage Act ........................................................................ *passim*

**Other Authorities**

29 C.F.R. § 785.47 ........................................................................................................19

## I.   __INTRODUCTION__

On or about November 1, 2018, Named Plaintiff William Garcia ("Named Plaintiff") filed the instant Complaint alleging claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") against Vertical Screen, Inc. ("Defendant").   After a reasonable period of discovery, it is clear that Named Plaintiff cannot sustain his claims, for which he attempts to rely only on his own unsubstantiated belief that that he was not paid for all overtime worked during his employment. The evidence on the record contains detailed time records produced by Defendant reflecting all hours that Named Plaintiff worked and for which he was paid, and Named Plaintiff has no evidence or support to attack Defendant's records.   The undisputed records show that Defendant paid Named Plaintiff for every hour that he worked and paid overtime wages for every hour that he worked over 40 in a workweek, in full compliance with the FLSA and the PMWA. The payroll records are based on objective time entered by Named Plaintiff and supported by multiple door entry swipe records by Named Plaintiff.   The records also show that on the handful of times Named Plaintiff raised a question about his hours, the payroll was corrected and he was paid more, not less, hours on every occasion. In fact, during the last three years of Named Plaintiff's employment, Defendant paid Named Plaintiff for 1,735 overtime hours worked, and the evidence shows that Defendant corrected Named Plaintiff's time records on any date in which he reported that he experienced difficulty logging in to the ADP time system to "punch" or clock in.

Named Plaintiff attempts to rely exclusively on his own mere, unsupported belief—with no evidence—that he worked overtime hours for which he was not compensated. Named Plaintiff admitted that he does not know and has no documentation or evidence of the times at which he reported to work on any day; the amount of hours or overtime hours that he worked on any day; any day that he requested an adjustment to his time; any day that any requested

adjustment was not made; or any day on which overtime hours were "shaved" from his hours worked. He believes that he requested adjustments to his time which were not made; however, he never requested or reviewed his ADP Timecard Audit Trail Report—the ADP document that tracks and reflects all adjustments made to an employee's time records. Named Plaintiff simply attempts to rely on his own mere belief that he was not paid for all overtime worked, and he cannot point to any evidence in support of his claims which could be admitted at trial. Therefore, Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 56 because there is no genuine dispute as to any material fact on Named Plaintiff's claims, and therefore Defendant is entitled to judgment as a matter of law.

## II.    FACTUAL BACKGROUND

Defendant hereby incorporates the accompanying Statement of Undisputed Material Facts herein in its entirety.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs that summary judgment must be granted where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is material when "its resolution 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004) (quoting *Liberty Lobby*, 477 U.S. at 248).

It is well-settled that in determining whether an issue of material fact exists, a court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-

moving party.  *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1988).  *Liberty Lobby* cautions, however, that summary judgment is appropriate if the non-moving party provides merely "colorable, conclusory or speculative" evidence.  *Liberty Lobby*, 477 U.S. at 249. Moreover, the beliefs, suspicions, and speculations of the plaintiff are not evidence, and a material fact dispute cannot be created out of thin air.  *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005) (conjecture and speculation may not defeat a motion for summary judgment); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (a plaintiff "cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions" in resisting summary judgment) (citations omitted).  Rather, Plaintiff, as the non-movant, must point to real and substantial evidence in support of his claims which is "capable of being admitted at trial." *Fieni v. Franciscan Care Ctr.*, No. 09-5587, 2011 U.S. Dist. LEXIS 113910, at *9 (E.D. Pa. Sept. 30, 2011) (citations omitted).

Judged against these standards, Named Plaintiff's claims cannot survive summary judgment and must be dismissed.

## IV.    ARGUMENT

### A.    Summary Judgment Is Appropriate at This Stage as to Named Plaintiff's PMWA Claims.

Federal courts will generally entertain summary judgment motions by a defendant before motions for class certification. *See, e.g.*, *Acker v. Provident Nat'l Bank*, 512 F.2d 729, 732 n.5 (3d Cir. 1975) (recognizing that the district court took no action with respect to certifying a class because of its summary judgment disposition); *Enslin v. Coca-Cola*, No. 14-06476, 2017 U.S. Dist. LEXIS 49920, n.4 (E.D. Pa. Mar. 31, 2017) ("there are many valid reasons that may justify delaying a certification decision, including the fact that a party opposing [a] class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and

without binding the class that might have been certified") (internal quotations omitted); *McNulty v. Fed. Hous. Fin. Agency*, 954 F. Supp. 2d 294, 297 (M.D. Pa. 2013) ("[A]bsent prejudice to the plaintiff, the court is free to decide a defendant's dispositive motion in a putative class action before taking up the issue of class certification."). "The discretion of the court to determine dispositive motions prior to class certification is supported by the Advisory Committee Notes to the 2003 amendments to Rule 23, which expressly recognize 'the many valid reasons that may justify deferring the initial certification decision,' including the possibility that '[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.'" *McNulty*, 954 F. Supp. 2d at 298.

**B.      Summary Judgment Is Appropriate at This Stage as to Named Plaintiff's FLSA Claims.**

Courts may also entertain summary judgment motions after conditional certification in an FLSA collective action. *See Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 900 (N.D. Iowa 2008) (noting that courts often hear summary judgment motions on individualized FLSA defenses after conditional certification); *see also Crawford v. Saks & Co.*, No. H-14-3665, 2016 U.S. Dist. LEXIS 71805, *6 (S.D. Tx. June 2, 2016) (finding that summary judgment of named plaintiffs' claims prior to certification was proper because extensive discovery had taken place and plaintiffs could not identify any additional discovery necessary to oppose the motion for summary judgment).

**C.      Defendant Is Entitled to Judgment as a Matter of Law as to Named Plaintiff's FLSA and PMWA Claims.**

Defendant is entitled to judgment as a matter of law as to Named Plaintiff's FLSA and PMWA claims because Named Plaintiff has failed to prove that he performed overtime work for which he was not properly compensated and because there is no evidence from which a

4

reasonable jury could determine that Named Plaintiff is entitled to any additional pay or overtime wages. *See* S.O.F. at 42, 44, 47-50, 52, 58-61, 64-67, 76-77, 95, 97. Further, to the extent that Named Plaintiff could prove that he was not properly paid for compensable overtime hours, which Defendant strictly denies, any such time was *de minimis*.

Named Plaintiff alleges violations of the FLSA and PMWA resulting in unpaid overtime for himself. He makes two key assertions in support of his claims for unpaid overtime:

1.  First, Named Plaintiff alleges that he experienced delays and problems logging-in to Defendant's timekeeping system almost every day, including: having to wait for other employees to log-out of the ADP system before he could log-in, having to wait for the computer to load, having to wait for the ADP system to load, having to update or reconfigure his password, experiencing a failed log-in and having to re-start the log-in process, being unable to log-in, having to send his supervisor an e-mail describing his log-in problems. Named Plaintiff ***believes*** these problems, which allegedly took 10-15 minutes per day to work around, resulted in ***about*** two to four hours of unpaid time each month.

2.  Second, Named Plaintiff alleges that by comparing the number of hours he worked to the number of hours for which he was paid, Named Plaintiff also ***believes*** Defendant regularly "shaved" about one to two hours per month off his work time and failed to pay him any wages for these hours, thus reducing the Company's labor costs.

*See* Plaintiff's Collective/Class Action Complaint ("Complaint"), ¶ 9. (ECF 1)

However, throughout this litigation, Named Plaintiff has failed to state any specific workweek, date, or hour that he was not paid for, nor has he set forth any evidence that he worked overtime for which he was not paid. *See* S.O.F. at 42, 44, 47-50, 52, 58-61, 64-67, 76-77, 95, 97. Instead, Named Plaintiff has merely made general assertions as to his general ***beliefs*** of unpaid time with no record support. *See* S.O.F. at 50-52, 60, 95. Thus, Named Plaintiff *cannot* produce any evidence to support his beliefs that he worked overtime for which he was not compensated. *See* S.O.F. at 42, 44, 47-50, 52, 58-61, 64-67, 76-77, 95, 97. In stark contrast, Defendant has produced extensive, detailed time records evidencing the hours when Named Plaintiff was on Defendant's worksite and the worked hours that Named Plaintiff was paid for.

*See* S.O.F. at 36, 39, 56, 59, 67, 81-82; Exhibits D-F, I, K, O.[1]  When reviewing the records, it is clear that Named Plaintiff was properly compensated for all regular and overtime hours he worked. *See* S.O.F. at 36, 39, 56, 59, 67, 81-82; Exhibits D-F, I, K, O.

Plaintiff has no evidence that could even suggest, much less prove, that the Company's detailed time and payroll records were inaccurate or that he worked overtime hours for which he was not properly compensated. *See* S.O.F. at ¶¶ 43; 45; 49; 50; 52; 55 (referencing Exhibit B, Deposition of Named Plaintiff, at 197:4-13; 71:9-72:7; 256:22-257:6; 189:14-19; 215:10-24; 119:24-120:20; 268:15-270:4). In fact, Named Plaintiff admitted at his deposition that in a typical week, he was paid overtime, stating that he was paid overtime in every pay period that he worked in his last year of employment except for two to three pay periods.  S.O.F. at ¶¶ 92-93. A review of Named Plaintiff's pay statements shows that during the three-year statute of limitations period applicable to his claims, Defendant paid Named Plaintiff for 1,735 overtime hours worked.  S.O.F. at ¶ 94.

Named Plaintiff is unable to identify any date on which he spent 10-15 minutes logging in to the ADP timekeeping system or on which he allegedly complained to anyone at the company about his pay being incorrect. *See* Exhibit B at 268:15-270:4, 197:4-13. While he believes that he reported problems in-person, he has no records or calendars of when he made any alleged complaint.  Exhibit B at 71:9-72:7. Named Plaintiff claims he sent emails to his supervisor or manager regarding time issues, yet he was unable to provide a single email or document, except for one email dated prior to the statutory limitations period, which is irrelevant. Exhibit B at 71:9-72:7, 256:22-257:6; *see also* S.O.F. at 42. Named Plaintiff admitted

---

[1] Defendant has included several exhibits in support of the instant Motion and Statement of Undisputed Material Facts.  These records and reports (including Exhibits C-I, K, O, and Exhibits D-1 through D-32 to Named Plaintiff's Deposition Transcript at Exhibit B) are true and correct copies of records kept by Vertical Screen in the regular course of business.

6

he does not have documents or information to disprove the accuracy of the records produced by Defendant during discovery. Exhibit B at 189:14-19. During his deposition, when asked about email records and ADP time records produced by Defendant that demonstrate that Defendant appropriately corrected Named Plaintiff's time punches on a specific date based on Named Plaintiff's email request for corrections, Named Plaintiff admitted, "All I know is what I see in front of me now [referring to Defendant's records]. That's all I see. I have no other information." Exhibit B at 215:10-24. In response to Defendant's documents showing examples of Defendant making corrections to Named Plaintiff's time punches on 25 dates on which Named Plaintiff requested a correction, Named Plaintiff has no contradicting evidence that could even suggest that the final recorded hours were incorrect. *See, e.g.*, Exhibit B at 119:24-120:20. Named Plaintiff simply has no evidence to contradict or disprove Defendant's detailed time records, which show that Named Plaintiff was appropriately compensated for all overtime hours worked, and he has no evidence to show that he performed any amount or extent of unpaid overtime work as a matter of just and reasonable inference. Therefore, summary judgment is appropriate as to the FLSA and PMWA claims brought by Named Plaintiff.[2]

1. **Named Plaintiff Cannot Show That He Has Performed Overtime Work for Which He Was Not Properly Compensated When He Allegedly Experienced Delays or Problems Logging-In to the ADP Timekeeping System.**

Named Plaintiff attempts to rely upon his unsubstantiated ***belief*** that he experienced delays and problems logging-in to Defendant's timekeeping system almost every day that took

---

[2] "The courts have held that [the PMWA is] to be interpreted in the same fashion as the FLSA inasmuchas the state and federal acts have 'identity of purpose' and 'the state statute substantially parallels the federal.'" *Levitt v. Tech. Educ. Servs.*, 2011 U.S. Dist. LEXIS 111195, *8 (E.D. Pa. Aug. 7, 2012) (*citing Commonwealth v. Stuber*, 822 A.2d 870, 873 (Pa. Cmwlth. 2003), *aff'd* 580 Pa. 66 (2004); *Baum v. Astra Zeneca*, No. 09-2150, 372 Fed. Appx. 246, 248, n.4 (3d Cir. Mar. 24, 2010) ("Pennsylvania courts have looked to federal law regarding the Fair Labor Standards Act ('FLSA') for guidance in applying the PMWA.")). Thus, "deference is properly given to the federal interpretation." *Stuber*, 822 A.2d at 873. For this reason, although the discussion in the subsections hereafter shall primarily refer to the FLSA, it applies with equal force to Plaintiff's PMWA claim.

10-15 minutes to work around, resulting in ***about*** two to four hours of time per month, for which Named Plaintiff was not paid for time worked. *See* Complaint, ¶ 9. (ECF 1) Named Plaintiff attempts to rely on this mere belief; however, he cannot and has not shown that he performed work for which he was not properly compensated in any given workweek, and he therefore fails to show any violation of the FLSA or the PMWA. Named Plaintiff's unsubstantiated belief cannot survive a motion for summary judgment, especially when such belief is contradicted by reliable evidence. *See Lexington Ins. Co.*, 423 F.3d at 332-33 (conjecture and speculation may not defeat a motion for summary judgment); *Gans*, 762 F.2d at 341 (a plaintiff "cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions" in resisting summary judgment) (citations omitted).

Under the FLSA, an employer may not employ an employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee who seeks unpaid overtime under the FLSA has the burden of proving that he performed work for which he was not properly compensated. 29 U.S.C. § 216(b); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) (*superseded by statute*, 29 U.S.C. § 251 et seq.); *Rosario v. Twp. of Teaneck*, 754 F.3d 177, 188-90, n.4 (3d Cir. 2014). Specifically, an employee must "submit sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297 (3d Cir. 1991). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens Pottery*, 328 U.S. at 687. "[T]o recover overtime compensation under

8

the FLSA, 'an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (*citing Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *Mt. Clemens Pottery*, 328 U.S. at 687)). Here, even after extensive discovery, Named Plaintiff has not proven—and *cannot* prove—any of the requisite elements.

Named Plaintiff fails to establish the requisite elements: In a situation in which (a) an employer's records are *proven* to be inaccurate or inadequate but the employee cannot offer convincing substitutes <u>and</u> in which (b) the plaintiff has successfully produced sufficient evidence that he performed work for which he was improperly compensated <u>and</u> in which (c) the plaintiff successfully produces "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference":

> The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Mt. Clemens Pottery*, 328 U.S. at 687-88. Here, however, there is no need to reach an analysis under this burden-shifting framework, as the burden cannot shift to Defendant because Named Plaintiff has failed to successfully produce *any* evidence that Defendant's records are inaccurate or inadequate, that Named Plaintiff performed *any* work for which he was improperly compensated, or to show the amount and extent of improperly compensated work as a matter of just and reasonable inference. *See, e.g., Rosario*, 754 F.3d at n.4 ("Appellants dedicate a significant portion of their brief to arguments in support of their position that Teaneck failed to maintain its records. Based upon this allegation, Appellants claim that the District Court should

9

have 'shifted the burden of proof' to Teaneck to rebut their proffered evidence of overtime damages. As our analysis sets forth above, this argument misses the mark. Regardless of whether Teaneck maintained its records or not, Appellants still had the burden . . . to prove entitlement to overtime damages.").

Third Circuit Courts have held that summary judgment is appropriate where a plaintiff has failed to demonstrate that he performed work in any given workweek for which he was not properly compensated in violation of the FLSA or PMWA. *See, e.g., Rosario v. Twp. of Teaneck*, 754 F.3d 177, 188-90 (3d Cir. 2014); *Harris v. Healthcare Services Grp.*, No. 06-2903, 2008 U.S. LEXIS 5507, *8 (E.D. Pa., Jul. 18, 2008).

In *Rosario*, the Third Circuit affirmed the District Court's summary judgment decision against police officer plaintiffs who sought unpaid overtime under the FLSA but failed to set forth any evidence of the alleged uncompensated overtime. 754 F.3d at 188-90. There, the plaintiff police officers attempted to offer spreadsheets as evidence of their speculated overtime loss. The court held, however, that "[a]n estimation of damage, which fails to set forth the proper method of calculation and does not account for day-to-day differences in officer scheduling, hardly provides a foundation for an inquiring court to 'reasonably infer[]' FLSA violations or the amount of the award." *Id.* at 189 (citing *Martin*, 949 F.2d at 1297). In *Rosario*, although the plaintiff police officers were each requesting unpaid overtime, "not a single officer was able to provide an estimate of his or her uncompensated overtime damages or time worked for which they believe they were not compensated," and the plaintiffs "were unable to provide any documentation that could be used to refute the hours set forth in Teaneck's records." *Id.* Therefore, the Third Circuit upheld the District Court's dismissal at the summary judgment stage, holding:

> Absent any evidence to support the officers' estimates of their overtime damages, [the plaintiffs'] calculations on the spreadsheet become mere speculation, and are insufficient to support the requisite inference necessary to meet their burden. Because [the plaintiffs] had the burden of providing that they performed work for which they were not properly compensated, and failed to do so, the District Court properly granted summary judgment on their claim for overtime damages.

*Id.* at 189-90. Like the *Rosario* plaintiffs, Named Plaintiff has no evidence to support his belief and the motion must be granted.

In *Harris v. Healthcare Services Grp.*, Judge Yohn granted summary judgment against four plaintiffs because they could not prove that they performed work for which they were improperly compensated., No. 06-2903, 2008 U.S. LEXIS 5507, at *8 (E.D. Pa., Jul. 18, 2008). For two of the plaintiffs in particular—Bass and Harris—the Court recognized that "although a genuine issue of material fact exists as to whether they were not paid for overtime worked, they have presented no evidence from which a reasonable jury could estimate the amount and extent of their allegedly unpaid overtime work." *Id.* at *10-11. In other words, although there was testimony on the record that contradicted whether Bass and Harris were paid overtime, the Court granted the employer's motion for summary judgment "because no reasonable jury could conclude on the basis of the record before [it] that sufficient evidence exists 'to show the amount and extent of the work as a matter of just and reasonable inference.'" *Id.* at *13 (*citing Mt. Clemens Pottery*, 328 U.S. at 687). The Court found it significant that "[n]either Bass nor Harris provided an estimate of the hours of overtime allegedly worked for which he was unpaid," even though such information was requested in discovery. *Id.*

Similar to *Harris*, here, throughout discovery, Named Plaintiff has similarly failed to provide sufficient evidence or estimates of alleged unpaid overtime hours or damages. S.O.F. at 47-49, 65-67, 76-77 (referencing Exhibit J, Named Plaintiff William Garcia's Responses to

Defendant's First Set of Interrogatories, at ¶¶ 13, 15 and Named Plaintiff William Garcia's Responses to Defendant's First Set of Document Requests, at ¶¶ 4, 24-25, 34).  When requested in discovery to produce all evidence supporting Named Plaintiff's contentions that he performed uncompensated overtime work due to delays or problems logging-in to the ADP timekeeping system until he could log-in to start tracking his time or advise his supervisors he was at work, Named Plaintiff's only purported supporting evidence included (a) references to Defendant's time records, which demonstrate that Named Plaintiff was paid for all overtime worked and (b) Named Plaintiff's document production bates-stamped GARCIA 5, which relates to potential ADP system maintenance on 4:45:22 a.m. on August 24, 2018—a day and time at which Named Plaintiff had already punched in for the day at 1:50 a.m. and had not yet taken his lunch break. This is a day when Named Plaintiff was correctly paid for all hours worked. S.O.F. at 48-50 (referencing Exhibit L, Named Plaintiff William Garcia's Responses to Defendant's First Set of Document Requests, at ¶¶ 24-25, 27).  Moreover, when requested to provide evidence that Defendant denied him overtime compensation for overtime hours worked, Named Plaintiff's only purported supporting evidence included (a) references to Defendant's time records, which demonstrate that Named Plaintiff was paid for all overtime worked and (b) Named Plaintiff's document production bates-stamped GARCIA 7-69, which is a version of Defendant's Employee Handbook that includes policies for providing for payment of all overtime hours worked and corrections of any errors in pay.  S.O.F. at 67 (referencing Exhibit L, Named Plaintiff William Garcia's Responses to Defendant's First Set of Document Requests, at ¶ 32).

Similarly, in *Pedro v. City Fitness, LLC*, Judge Slomsky found that the plaintiff did not allege sufficient facts from which the court could plausibly infer that the plaintiff was not compensated for hours worked in excess of 40 hours during a given week. No. 15-04964, 2018

U.S. Dist. LEXIS 54164, *36 (E.D. Pa. Mar. 30, 2018) (granting 12(b)(6) motion). Instead, "Plaintiff merely states that she worked 'full time,' she worked 'on call,' and she had to be 'available 24/7 via telephone, txt and email.'  These allegations do not suffice . . . because they do not allege a given workweek when Plaintiff worked in excess of 40 hours and was not paid overtime." *Id.* Accordingly, the plaintiff's case was properly dismissed. *See id.*

In *Davis v. Abington Memorial Hospital*, the Third Circuit considered a motion to dismiss that was granted by Judge Rufe. 765 F.3d 236, 242-43 (3d Cir. 2014). There, the named plaintiffs alleged that they were not compensated for overtime hours worked under the FLSA. To support this claim, the named plaintiffs asserted in a conclusory fashion that they "typically" worked shifts totaling between thirty-two and forty hours per week and "frequently" worked extra time, without further specificity. *Id.* The Third Circuit recognized that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 242-43 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Ultimately, the court found the plaintiffs' allegations insufficient because "[n]one of the plaintiffs . . . alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Id.* at 243 (*citing Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). *Davis* it indisputably requires that Named Plaintiff provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours *in a given workweek.* 765 F.3d at 243. Named Plaintiff's claims blatantly fail in this regard.

The Third Circuit's decision in *Davis* relied upon the Second Circuit's decision in *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013). In *Lundy*, the

13

plaintiffs alleged that their employers failed to compensate them adequately for time worked, in violation of the FLSA. *Id.* at 109. "Plaintiff Patricia Wolman 'typically' worked 37.5 hours per week, 'occasionally' worked an additional 12.5-hour or 'slightly-longer' shift, and was not compensated for, *inter alia*, work done during thirty-minute meal breaks (which were 'typically' missed or interrupted) or outside of her scheduled shifts ('typically' an extra fifteen minutes per shift)." *Davis*, 765 F.3d at 242. The *Lundy* court "held that Wolman failed to state a claim for overtime because, while her allegations could 'theoretically' put her over the forty-hour mark 'in one or another unspecified week (or weeks),' they 'suppl[ied] nothing but low-octane fuel for speculation' as to that conclusion." *Id.* (*citing Lundy*, 711 F.3d at 114-15). Another plaintiff in *Lundy* also similarly used phrases like "typically" and "approximately" in support of her FLSA claims. The court in *Lundy* found that because the plaintiffs "each failed to allege 'a single workweek in which [they] worked at least [40] hours and also worked uncompensated time in excess of [40] hours,' they did not satisfy this standard" and dismissal of their FLSA overtime claims was warranted at the motion to dismiss stage. *Id.* (*citing Lundy*, 711 F.3d at 114-15).

Although the decisions in *Pedro*, *Davis*, and *Lundy* considered motions for dismissal under Rule 12(b)(6), they are instructive in the instant matter because they demonstrate Named Plaintiff's burden in presenting a plausible cause of action under the FLSA.  Here, even after discovery, Named Plaintiff has failed to satisfy his burden. As the claims in *Pedro*, *Davis*, and *Lundy* warranted dismissal at the 12(b)(6) stage, it only follows that Named Plaintiff's claims are subject to dismissal at the summary judgment stage, at which Named Plaintiff is required not only to sufficiently allege but to set forth sufficient evidence to prove his claims.

Here, Named Plaintiff's Complaint alleges that he ***believes*** that he experienced delays and problems logging-in to Defendant's ADP timekeeping system resulting in 10-15 minutes of

time per day, or **_about_** two to four hours per month, without indicating or providing evidence of any week(s), month(s), or day(s) in which he worked overtime for which he was not compensated.[3] In fact, Named Plaintiff admitted throughout his deposition that he lacks knowledge, documentation, or evidence of: the times at which he reported to work on any day (and admitting that he typically began working at any time between 1:00 to a.m. to 3:00 a.m., prior to the start of his 5:00 a.m. shift); the amount of hours or overtime hours that he worked on any day; any day that he requested a correction to his time; any day that any requested correction was made or not made; any period he was not properly paid overtime; or any period in which overtime hours were "shaved" from his hours worked.  S.O.F. at 42, 43-52, 61-62, 65-66, 76-77, 88-92, 95, 96-97.  Named Plaintiff _believes_ that he requested adjustments to his time which were not made; however, he never reviewed his ADP Timecard Audit Trail Report—the ADP document that tracks and reflects all adjustments made to an employee's time records and the respective editor identity for each correction.  S.O.F. at 72-75.  In short, Named Plaintiff attempts to rely on his own mere belief that he was not paid for all time worked.  S.O.F. at 50-52, 60, 88, 95.

Similar to the plaintiffs in _Rosario_, Named Plaintiff has failed to set forth any evidence of alleged uncompensated overtime to support his mere speculation or from which an inquiring court could reasonably infer either FLSA violations or the amount of an award, and he is unable

---

[3] Defendant produced uncontroverted written documentation during discovery that demonstrates the time Named Plaintiff entered Defendant's work building each day. S.O.F. at 5-21. Additionally, Named Plaintiff's ADP and payroll records clearly indicate the time that he was paid for. S.O.F. at 20, 59-62; Exhibits E, F, I, O. When these documents are compared, it is clear that there exist only seconds—not 10-15 minutes per day—between the time when Named Plaintiff arrived at the worksite and the time he clocked-in via ADP. S.O.F. at 19-21. Further, during Named Plaintiff's employment, he understood how to complain when he personally experienced an issue with the ADP timekeeping system or believed that his time or payroll records were incorrect, by contacting and emailing his supervisors or managers to request a correction. S.O.F. at 35-39. During discovery, Defendant produced emails sent by Named Plaintiff demonstrating that when Named Plaintiff emailed his supervisors or managers requesting adjustments to his time punches or records, the Company adjusted and corrected the time records to the time Named Plaintiff requested. S.O.F. at 39, 56. On each and every day, Named Plaintiff's ADP Timecard Audit Trial records reflect the correct times per Named Plaintiff's emailed information. S.O.F. at 39, 56-63; Exhibits E, K.

to provide any documentation that could be used to refute the hours set forth in Defendant's records. Like *Harris*, here, even if no reasonable jury could conclude on the basis of the record that sufficient evidence exists to show the amount and extent of the work as a matter of just and reasonable inference. Similar to the plaintiffs in *Rosario*, *Harris*, *Pedro*, *Davis*, and *Lundy*, Named Plaintiff has failed to set forth a proper foundation for an inquiring court to reasonably infer any FLSA or PMWA violations or the amount of an award, as required by Third Circuit precedent.  Further, no documentation or evidence exists to refute Defendant's detailed ADP time records and payroll documents. Named Plaintiff thus falls drastically short of his required burden to prove that he in fact performed work for which he was not properly compensated.

Although Named Plaintiff is "entitled to the benefit of all reasonable factual inferences at this stage, [he] must nevertheless point to some evidence in the record to support [his] factual assertions." *Berrada v. Cohen*, 792 Fed. Appx. 158, 161 (quoting *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d 585, 594 (3d Cir. 2018), *petition for cert. denied by* 205 L. Ed. 2d 26, 2019 U.S. LEXIS 4661 (U.S. Oct. 7, 2019). "As a general proposition, conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."  *Id.* (quoting *Gonzalez v. Sec'y of Dep't Homeland Sec.*, 678 F.3d 254, 263). "If testimony is 'blatantly contradicted by the record,' then 'a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'"  *Id.* at *5 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Where a plaintiff offers no corroboration for his testimony, "and, more importantly, his testimony is contradicted by indisputable evidence," summary judgment is appropriate. *See id.* (upholding District Court's grant of summary judgment for defendants).

Because there is no evidence from which a reasonable jury could determine the amount and extent of Named Plaintiff's allegedly unpaid overtime work as a matter of just and

16

reasonable inference, and because Named Plaintiff's mere belief that he was not compensated for all time worked lacks corroborating evidentiary support and contradicts the detailed evidence including time and payroll records produced by Defendant, summary judgment as to the FLSA and PMWA unpaid overtime claim brought by Named Plaintiff is appropriate and necessary. *See Rosario*, 754 F. 3d at 187-90; *Mt. Clemens Pottery*, 328 U.S. at 686-87; *Martin*, 949 F.2d at 1297; *Acosta v. Cent. Laundry, Inc.*, No. 15-1502, 2018 U.S. Dist. LEXIS 60549, *6-*7 (E.D. Pa. Apr. 10, 2018).

      **2.**      **Named Plaintiff Cannot Show That His Wages Were Reduced By One to Two Hours a Month Due to Time "Shaving" by Department Managers and/or Supervisors or That Any Reduction Resulted In Unpaid Overtime Wages.**

As stated above, Plaintiff attempts to rely upon his own mere unsubstantiated ***belief*** that Defendant regularly "shaved" about one to two hours per month off his monthly work time and failed to pay him overtime wages for these hours. *See* Complaint, ¶ 9. (ECF 1) In support of this belief, Named Plaintiff cannot and has not shown that he performed overtime work for which he was not properly compensated in any given workweek, and therefore fails to show a violation of the FLSA or the PMWA. For the reasons set forth above in Subsection IV(C)(1) above pursuant to applicable standards, Named Plaintiff's unsubstantiated belief cannot survive a motion for summary judgment. Defendant relies upon the arguments and case law set forth in Subsection IV(C)(1) as though fully set forth herein.

Throughout the discovery process, Named Plaintiff did not provide any examples—much less evidence—of dates or times that the alleged time shaving occurred. Conversely, company records provided in discovery show that there was never a reduction of hours in any month or week. S.O.F. at 68, 79-82. All records show that any changes were to increase the time, or to correct Plaintiff's time punches in or out. S.O.F. at 68, 79-82. It is uncontested that all changes to

payroll records are shown on Named Plaintiff's ADP Timecard Audit Report and that all changes for Named Plaintiff, as reflected therein, increased his hours. S.O.F. at 68, 79-82. When requested in discovery to produce all evidence supporting Named Plaintiff's belief that Defendant regularly shaved time off his weekly work time and failed to pay him overtime wages for those hours, Named Plaintiff's only purported supporting evidence included (a) references to Defendant's time records, which demonstrate that Named Plaintiff was paid for all overtime worked and that hours were not shaved from his time and (b) Named Plaintiff's document production bates-stamped GARCIA 6, which included Named Plaintiff's ADP Earnings Statement for the period September 30, 2018 through October 13, 2018—a period in which Named Plaintiff worked no overtime hours as he was terminated on October 2, 2018, after working only 25.50 hours, and for which his ADP Timecard Audit Trail demonstrates that no changes were made to shave off any of Named Plaintiff's time worked.[4] S.O.F. at 50 (referencing Named Plaintiff William Garcia's Responses to Defendant's First Set of Document Requests at ¶ 28).

Named Plaintiff's mere belief that supervisors or managers shaved overtime hours from his time worked lacks corroborating evidentiary support and contradicts the detailed evidence including time and payroll records produced by Defendant, which capture every change made to Plaintiff's time records. There is no evidence on the record from which a reasonable jury could determine the amount and extent of Named Plaintiff's allegedly unpaid overtime work due to time shaving as a matter of just and reasonable inference. As such, Named Plaintiff's FLSA and

---

[4] During this brief period, Named Plaintiff's ADP Timecard Audit Trail Report shows that only two adjustments were made to correct Named Plaintiff's punches on October 2, 2018, his date of termination. S.O.F. at ¶ 50; Exhibit N; Exhibit E. User chanlon first added a punch out for Named Plaintiff at 12:00 p.m. following his termination, and then edited the punch to 1:00 p.m.—thereby *adding*, not subtracting, time. S.O.F. at ¶ 50; Exhibit E. User chanlon also added 4.50 hours of Paid Time Off time to Named Plaintiff's time for October 5, 2018—again *adding*, not subtracting, time. S.O.F. at ¶ 50; Exhibit E.

PMWA unpaid overtime claims related to alleged time shaving must be dismissed with prejudice.

> **3.    Named Plaintiff Cannot Show That He Lost Any Paid Time When He Allegedly Experienced Delays or Problems Logging-In to His Computer or the ADP Timekeeping System Because The Alleged Delay Times Are *De Minimis*.**

Even if Named Plaintiff experienced brief delays of a few minutes during the ADP timekeeping system log-in process, such time was *de minimis* under the FLSA and therefore not compensable. Under the FLSA, an employer is generally not obligated to pay for work time that is deemed "*de minimis*" or "insubstantial."[5]  *See Lugo v. Farmer's Pride*, 802 F. Supp. 2d 598, 602-03 (E.D. Pa. 2011). Indeed, the FLSA specifically provides:

> In recording working times under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. (*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)). This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities."

29 C.F.R. § 785.47.   "[T]he Supreme Court has long held that, 'in light of the realities of the industrial world,' a 'few seconds or minutes of work beyond the scheduled working hours . . . may be disregarded.'"  *Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069,

---

[5] The Pennsylvania Supreme Court is currently reviewing the applicability of the *de minimis* rule under the PMWA, pursuant to a petition for certification from the United States Court of Appeals for the Sixth Circuit.  *See* Docket No. 43 EAP 2019, *In Re: Amazon.Com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation* (Pa.). As stated in Footnote 1 herein, "[t]he courts have held that [the PMWA is] to be interpreted in the same fashion as the FLSA inasmuchas the state and federal acts have 'identity of purpose' and 'the state statute substantially parallels the federal.'" *Levitt v. Tech. Educ. Servs.*, 2011 U.S. Dist. LEXIS 111195, *8 (E.D. Pa. Aug. 7, 2012) (*citing Commonwealth v. Stuber*, 822 A.2d 870, 873 (Pa. Cmwlth. 2003), *aff'd* 580 Pa. 66 (2004); *Baum v. Astra Zeneca*, No. 09-2150, 372 Fed. Appx. 246, 248, n.4 (3d Cir. Mar. 24, 2010) ("Pennsylvania courts have looked to federal law regarding the Fair Labor Standards Act ('FLSA') for guidance in applying the PMWA.")). Defendant thus asserts that the *de minimis* rule applies to PMWA claims as it does to FLSA claims and thus, although the discussion in this subsection primarily refers to the FLSA, it applies with equal force to Named Plaintiff's PMWA claim.

1080 (9th Cir. 2016) (*citing Mt. Clemons Pottery*, 328 U.S. at 692). Rather, it is "only when an employee is required to give up a **substantial measure** of his time and effort that compensable working time is involved." *Mt. Clemons Pottery*, 328 U.S. at 692 (emphasis added).

The Third Circuit has adopted the Ninth Circuit's test to determine whether otherwise compensable time is *de minimis*, which requires considering: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *De Ascencio v. Tyson Foods, Inc.*, 500 F.3d 361, 374 (3d Cir. 2007), *cert. denied* 2008 U.S. LEXIS 4822 (U.S., Jun. 9, 2008) (*citing Lindow v. U.S.*, 738 F.2d 1057, 1063 (9th Cir. 1984)).

Using this test, the Ninth Circuit in *Corbin v. Time Warner Entertainment-Advance/Newhouse Partnership* found that there was no FLSA violation when the defendant did not compensate the plaintiff for the minute that it took him to log into an auxiliary computer program before clocking in on his computer, because this activity was *de minimis*. 821 F.3d at 1081-1082. The court noted that (1) the practical administrative burden on the employer to cross-reference every employee's log-in patterns was high; (2) one minute was a short amount of time; and (3) the uncompensated time was not a regular occurrence. *Id.* The appellate court thus found that the district court properly granted summary judgment as to the plaintiff's log-in claim. *Id. See also Waine-Golston v. Time Warner Ent.-Advance*, No. 11-1057, 2013 U.S. Dist. LEXIS 43899, *17-*19 (S.D. Cal. Mar. 27, 2013) (finding one to two minutes of time to unlock the computer and log into the timekeeping system to be *de minimis*).

Courts in several other jurisdictions have considered the delay in timekeeping systems to be *de minimis* under the FLSA. *See, e.g.*, *Jackson v. AT&T Ret. Sav. Plan*, No. 19-116, 2019 U.S.

Dist. LEXIS 189075, *23-*24 (W.D. Lo. Sept. 17, 2019) (Plaintiff's 2-3 minute delay when logging into her time system was *de minimis* under the FLSA).

In *Lindow v. United States*, the Court held that the seven to eight minutes per day, over a period of three years, that the plaintiffs were required to arrive prior to the start of their scheduled shifts in order to review the shift log book and to exchange information and clarify log entries with employees departing from an earlier shift was considered *de minimis* and non-compensable. 738 F.2d at 1059. The above factors were considered and the court held that because employees "did not always" read the log book or exchange information before a shift, "the administrative difficulty of recording the time" and "monitoring this pre-shift activity" was high. *Id*. at 1064.   Additionally, even though the "aggregate claim may be [a] substantial" amount of minutes, the "irregularity" of the work counseled in favor of finding the time *de minimis*. *Id.  See also Chambers v. Sears Roebuck and Co*., 428 Fed. Appx. 400 (5th Cir. 2011) (noting that logging into a device for less than a minute, carrying it to the commercial van, plugging it into the van, and at the end of the day, carrying it back and plugging it in at home to charge was *de minimis*).

"Most courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable." *Lindow*, 738 F.2d at 1062. (*citing E.I. du Pont De Nemours & Co. v. Harrup*, 227 F.2d 133, 135-36 (4th Cir. 1955) (finding 10 minutes to be *de minimis*)). *See also Green v. Planters Nut & Chocolate Co*., 177 F.2d 187, 188 (4th Cir. 1949) (finding it "obvious" that 10 minutes is *de minimis*); *Carter v. Panama Canal Co*., 314 F. Supp. 386, 392 (D.D.C. 1970) (finding that "2 to 15 minutes is negligible and not compensable"), *aff'd*, 463 F.2d 1289 (D.C. Cir.), *cert. denied*, 409 U.S. 1012 (1972).

Here, application of the instant facts to the *de minimis* test explained by the Ninth Circuit and adopted in *De Ascencio* demonstrates that the alleged loss of 10-15 minutes that Named Plaintiff believes that he incurred on some days he worked is *de minimis*. First, the practical administrative difficulty of recording or calculating the additional time is high. Similar to *Corbin*, the practical administrative burden on Defendant to cross-reference every employee's log-in patterns is high, especially given that employees such as Named Plaintiff were assigned different work stations which each have a different computer, and thus any computer issues would be differing, with no reasonable means of determination. S.O.F. at 2, 17, 22, 23, 31; *see also Corbin*, 821 F.3d at 1081-82. The heavy administrative burden associated with double-checking all employee timestamps and cross-referencing to entry swipes every day would be arduous, and still Defendant would not be able to account for differing computer issues or other possibilities, such as employees stopping to socialize with others prior to clocking in and starting to work immediately. Like the employees in *Lindow*, Named Plaintiff does not believe or allege that he experienced log-in issues every day, thus the alleged pre-shift activity did not *always* occur and "the administrative difficulty of recording the time" and "monitoring the pre-shift activity" is high.  See *Lindow*, 738 F.2d at 1064; S.O.F. at 51, 43, 48-50, 64, 65. Any occasions in which Named Plaintiff allegedly experienced lost time due to log-in issues were uncertain and indefinite, and any failure to count such time is due to considerations justified by industrial realities.

Second, the aggregate compensable time is insignificant, as "[m]ost courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable." *Corbin*, 821 F.3d at 1082 (quoting *Lindow*, 738 F.2d, at 1062). Here, Named Plaintiff admits that he does not believe that log-in delays occurred daily. S.O.F. at 51, 64.

To that point, and regarding the third factor, here, the additional alleged time was not regular: Named Plaintiff admits that "if [the ADP timekeeping system] was working properly, it would record [his "in" time stamp] instantly." S.O.F. at 26. Named Plaintiff also testified that he believes he experienced problems logging in or out of the ADP system to punch in at least an estimated 50 times during the last three years of his employment and that he believes the problem he reported was not fixed approximately "three-quarters" of those times. S.O.F. at 51. Named Plaintiff's own testimony and allegations thus emphasize that the alleged loss of time was irregular and unpredictable.  Like *Lindow*, the irregularity of the alleged additional "work" supports the finding that the time is *de minimis*. *See Corbin*, 821 F.3d at 1081 (citing *Lindow*, 738 F.2d at 1064). Further, unlike the plaintiff in *Corbin* that pointed to an example of a date on which he experienced a delay logging in to the timekeeping system, as evidenced by his log-in time on the record, here, Named Plaintiff has failed to set forth any example or evidence showing he experienced a delay logging in to the timekeeping system on any day during his employment. *See Corbin*, 821 F.3d at 1079.

Accordingly, even assuming that there were occasions when Plaintiff could not log into the ADP system, which Defendant denies, the seconds or minutes involved are *de minimis* and are not compensable under the applicable test. Although Plaintiff believes that he incurred 10-15 minutes of unpaid time per day resolving issues on the days on which he experienced log-in delays, resulting in about two to four hours of unpaid overtime each month, this allegation is wholly unsupported by uncontested written evidence produced by Defendant, which demonstrates when Plaintiff was arriving at work and the times that he was logging into ADP. S.O.F. at 5-21, 43, 48-50, 51, 63-65, 67; Exhibits D-F, I. Those records demonstrate that the timeframe between Named Plaintiff's entering the building and logging into ADP to punch in

was regularly and consistently a matter of seconds.[6] S.O.F. at 19-21 (referencing Exhibit F, VERTICAL 303-308, Vertical Screen Spreadsheet Comparing Named Plaintiff's Entry Swipes to ADP Timestamp Clock-In Times; Exhibit D, VERTICAL 270-302, Continuum Access Events by Cardholder Reports for Named Plaintiff; Exhibit E, VERTICAL 1000-1393, ADP Timecard Audit Trail for Named Plaintiff; Exhibit A, Declaration of Timothy Gaudreau, at 20, 23). Moreover, even on those few occasions when Named Plaintiff experienced any issue with logging in to punch in to the ADP time system, evidence exchanged shows that the problem was resolved and Plaintiff was paid for the correct amount of time. S.O.F. at 37-40, 46, 56, 56-60, 63, 67, 68, 99.

Further, even assuming *arguendo* that Named Plaintiff had any evidence to support his belief that there was a one to two hour per month wage reduction due to time shaving or that he lost any compensable time when he allegedly experienced log in delays, which Defendant strictly denies and which is not supported by any record evidence, Named Plaintiff took a paid 30-minute lunch period each day, during which time he was not working but received compensation. S.O.F. at 33. Therefore, even if Named Plaintiff's wages were reduced by one to two hours a month due to time shaving by department managers and/or supervisors or if Plaintiff was not

---

[6] For example:

- On May 10, 2018, Named Plaintiff entered Defendant's building through the front spinner door (cr_118B) at 12:41:26 A.M.; completed the iris scan (cr_119A) to access the Operations floor at 12:41:43 A.M.; walked to his work station, logged onto his computer, and punched in to ADP at 12:42 A.M. (within one minute). Exhibit D, VERTICAL 270-302, Continuum Access Events by Cardholder Reports for Named Plaintiff, at VERTICAL 271; Exhibit E, VERTICAL 1000-1393, ADP Timecard Audit Trail for Named Plaintiff, at VERTICAL 1310.
- On June 4, 2018, Named Plaintiff entered Defendant's building through the front spinner door (cr_118B) at 12:57:03 A.M.; completed the iris scan (cr_119A) to access the Operations floor at 12:57:25 A.M.; walked to his work station, logged onto his computer, and punched in to ADP at 12:58 A.M. (within one minute). Exhibit D, VERTICAL 270-302, Continuum Access Events by Cardholder Reports for Named Plaintiff, at VERTICAL 276; Exhibit E, VERTICAL 1000-1393, ADP Timecard Audit Trail for Named Plaintiff, at VERTICAL 1318.
- See also, e.g., Exhibit B, Deposition of Named Plaintiff, at 75:11-79:15 (Plaintiff testimony related to review of relevant records and admitting it took him less than a minute to punch in to ADP after entering the building through the revolving door (cr_118B) at 1:23:16 A.M., and punching into ADP at 1:23 A.M., as reflected in Exhibits D-E.

compensated for two to four hours a month due to log in delays, it would not result in unpaid time, as such time would be more than offset by the time paid to Named Plaintiff for unworked 30-minute lunch periods each day.

> **D.    Named Plaintiff Has Failed To Demonstrate That Defendant Committed Willful Violations of the FLSA.**

Even if summary judgment is not granted with respect to Named Plaintiff's claims, this Honorable Court should grant summary judgment as to any claim that Defendant committed a "willful violation" of the FLSA and should restrict Plaintiff's FLSA claim to an applicable two-year statute of limitations.

"29 U.S.C. § 255(a) of the FLSA imposes a two-year statute of limitations on allegations of unpaid overtime unless the violations alleged are 'willful,' in which case a three-year period applies." *Stanislaw v. Erie Indem. Co.*, No. 07-1078, 2012 U.S. Dist. LEXIS 19032, *28-*29 (W.D. Pa. Feb. 15, 2012) (*citing* 29 U.S.C. § 255(a)). "The Supreme Court set forth the standard which determines whether violations of the FLSA are willful in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 100 L. Ed. 2d 116, 108 S. Ct. 1677 (1988). There the Court held that an employer 'willfully' violated the Act when it 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Martin*, 949 F.2d at 1296 (*citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (citing *McLaughlin* standard). As stated by the District Court for the Western District of Pennsylvania:

> Courts have consistently concluded that a violation is willful where an employer intentionally discourages or inhibits employees from accurately reporting overtime. *See, e.g., Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 365-66 (2d Cir. 2011) (holding that "the question of willfulness for FLSA statute of limitations purposes is properly left to trial" where evidence suggested that managers had instructed employees to work as much as necessary to finish their jobs but not to report any overtime); *Smith v. Micron Electronics,*

> *Inc.*, 2005 U.S. Dist. LEXIS 2990, 2005 WL 5328543, *3 (D. Idaho 2005) (denying summary judgment as to willfulness where evidence was in conflict concerning whether the employer had told employees to work off the clock rather than authorize overtime); *Lopez v. Children's Memorial Hosp.*, 2002 U.S. Dist. LEXIS 24846, 2002 WL 31898188, *6 (N.D. Ill. 2002) (denying summary judgment as to willfulness where plaintiff presented evidence that she was "discouraged" from working overtime and told not to let her employers know if she worked any overtime).

*Stanislaw*, 2012 U.S. Dist. LEXIS 19032 at *29-*30.

Here, Named Plaintiff has not presented any evidence that Defendant showed reckless disregard for whether its conduct was prohibited by the FLSA. To the contrary, Defendant maintained and followed an Overtime Pay Policy requiring:

> Non-exempt/hourly employees are eligible for additional pay for work performed beyond their regularly scheduled forty (40) weekly hours. After the employee has worked the normal forty (40) hours, all additional time worked is paid at a rate of one and one half (1½) times the employee's hourly rate. Only actual hours worked and holiday pay in a given workday or workweek can apply in calculating overtime.

S.O.F. at 3. Defendant also followed an Error in Pay Policy to ensure correctness of employees' time and wages, requiring: "Every precaution is taken to avoid errors in your paycheck. If an error does occur, advise Human Resources, who will obtain the correct information for you. If an error is found, the adjustment will be made on the next payday." S.O.F. at 4. Additionally, Defendant's supervisors reviewed employees' time on a biweekly basis and contacted an employee if it appeared that his or her time records reflected a missed punch or other issue, so that a correction could be implemented. S.O.F. at 36. Further, for the few instances in which Named Plaintiff experienced issues with his time punches, the Company adjusted Named Plaintiff's time to match his requests, most times without requiring any shred of support from him for the requested changes. S.O.F. at 63, 37-40, 46, 56, 56-60, 67, 68, 99. Named Plaintiff has no evidence to create a genuine dispute as to whether Defendant showed reckless disregard for

whether its conduct was prohibited by the FLSA, thus this Honorable Court should grant summary judgment as to any claim that Defendant committed a "willful violation" of the FLSA.

V.      <u>**CONCLUSION**</u>

For the reasons set forth herein, Defendant respectfully requests that this Honorable Court grant its Motion for Summary Judgment in its entirety and dismiss Named Plaintiff's claims with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By:     <u>*/s/ Larry Besnoff*</u>
          Larry Besnoff
          Sara E. Hoffman Ivill
          Monica L. Simmons
          Two Liberty Place
          50 S. 16th Street, Suite 3200
          Philadelphia, PA  19102-2555
          Telephone:  (215) 665-8700
          Facsimile:  (215) 665-8760
          larry.besnoff@bipc.com
          sara.hoffman@bipc.com
          monica.simmons@bipc.com

Dated:  July 1, 2020                    *Attorneys for Defendant Vertical Screen, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July 2020, I caused and true and correct copy of the foregoing Defendant Vertical Screen, Inc.'s Motion for Summary Judgment and all accompanying documents to be electronically filed with the Court and served upon the following counsel of record via ECF Notice of Electronic Filing:

David Cohen
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
STEPHAN ZOURAS, LLP

*Attorneys for Plaintiff*

*/s/ Sara E. Hoffman Ivill*
Sara E. Hoffman Ivill