IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WILLIAM GARCIA,<br>for himself and all others similarly situated,<br>Plaintiff,<br>v.<br><br>VERTICAL SCREEN, INC.,<br>Defendant. | Case No. 18-cv-4718 |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Named Plaintiff William Garcia and 62 Opt-In Plaintiffs ("Plaintiffs")[1] respectfully submit this Notice of Supplemental Authority to inform the Court of a recent decision entered by the Pennsylvania Supreme Court that directly relates to, and informs, open issues currently pending before this Court.

On April 30, 2021, Defendant filed a Summary Judgment Motion and supporting Memo seeking judgment on Plaintiffs' FLSA and PMWA claims. *See* [Doc. 77]. In this filing, Defendant argues that the time Plaintiffs spend engaged in pre-shift activities, which includes (but is not limited to) passing through an array of security systems upon arriving at Defendant's premises is not compensable because it took a *de minimis* amount of time. *See* Def. Memo at pp. 22-30 [Doc. 77].

On June 29, 2021, Plaintiffs filed a Summary Judgment Opposition supporting their FLSA and PMWA claims and explaining that the unpaid work they performed cannot fairly be described as *de minimis* because it took approximately 20-30 minutes per day and involved maintaining security protocols intended to protect confidential software and data belonging to Defendant, its

---

[1] *See* Consent Form Notices [Docs. 31, 33-45]; Notice of Withdrawal (Panofsky) [Doc. 52]; Joint Stipulation of Dismissal (Lyerla, McKelvin, Sidebotham and Servance) [Doc. 70].

customers and their employees/job applicants. *See* Plaintiffs' Opp., pp. 3-7 [Doc. 89].

On July 21, 2021, the Pennsylvania Supreme Court entered an Opinion answering two questions certified from the Sixth Circuit Court of Appeals in a case captioned *In re Amazon.com, Inc. Fulfillment Center FLSA Litig.*, No. 43 EAP 2019 (Exhibit A), namely:

> (1) whether time spent on an employer's premises waiting to undergo, and undergoing, mandatory security screening is compensable as "hours worked" within the meaning of the Pennsylvania Minimum Wage Act? and (2) whether the doctrine of *de minimis non curat lex* [] applies to bar claims brought under the PMWA?

*Id.* at p.1 (Exhibit A).

The Pennsylvania Supreme Court's conclusions that "hours worked" under the PMWA includes time spent on security screenings (at pp. 8-21) and that there is no *de minimis* exception to the PMWA (at pp. 21-28) and the extensive reasoning supporting these conclusions, *see In re Amazon.com, Inc. Fulfillment Center FLSA Litig.* (Exhibit A), all strongly support Plaintiffs' claims, undermine Defendant's arguments for summary judgment and provide additional grounds for this Court to deny Defendant's Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 26, 2021 | */s/ David J. Cohen*<br>David J. Cohen<br>STEPHAN ZOURAS LLP<br>604 Spruce Street<br>Philadelphia, PA 19106 |
|  | James B. Zouras<br>STEPHAN ZOURAS LLP<br>100 North Riverside Plaza, Suite 2150<br>Chicago, IL 60606 |
|  | *Plaintiffs' Counsel* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served upon all record counsel by electronically filing said document *via* the Court's ECF system on July 26, 2021.

*/s/ David J. Cohen*
