**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM GARCIA,<br>for himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>VERTICAL SCREEN, INC.,<br><br>*Defendant*. | Civil Action No. 2:18-CV-4718 |

**DEFENDANT VERTICAL SCREEN, INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Vertical Screen, Inc. ("Vertical Screen") submits this Response to Plaintiffs' Notice of Supplemental Authority (the "Notice") filed by Plaintiff William Garcia and the Representative Plaintiffs (collectively, "Plaintiffs") on July 26, 2021 (Doc. No. 92). The Notice addresses the impact of the Pennsylvania Supreme Court's recent decision in *Heimbach v. Amazon.com, Inc.* on issues briefed in Vertical Screen's pending Omnibus Motion for Summary Judgment (Doc. No. 77). Defendant joins in Plaintiffs' notice of supplemental authority to the extent that the *Heimbach* decision affects two arguments regarding Mr. Garcia's Pennsylvania Minimum Wage Act ("PMWA") claim. Specifically, the *Heimbach* Court distinguished claims for overtime compensation under the Fair Labor Standards Act ("FLSA") from those asserted under the PMWA in two respects: (1) time spent waiting in line for, and undergoing, employer-

mandated security screenings is compensable as "hours worked" under the PMWA[1]; and (2) the *de minimis* doctrine available for FLSA claims is not cognizable for PMWA claims.

But Plaintiffs' statement that the *Heimbach* decision "strongly support[s] Plaintiffs' claims, undermine[s] Defendant's arguments for summary judgment and provide[s] additional grounds for this Court to deny Defendant's Motion," *see* Notice (Doc. No 92) at 2, is an oversimplification of the factual and legal issues at play in this case. As a preliminary matter, Plaintiffs conflate the FLSA and PMWA claims in their Notice. Of course, *Heimbach* impacts only Mr. Garcia's state law claims. The decision has no effect on the analysis of Plaintiffs' FLSA claims. Nor does *Heimbach* have any impact on Vertical Screen's arguments in opposition to Plaintiffs' motion for certification pursuant to Rule 23, or on Vertical Screen's arguments in opposition to Plaintiffs' motion for final certification under the FLSA.

Additionally, the claims actually pled by Plaintiffs in this case do not include time waiting for security screenings. Rather, they are limited to the time Garcia allegedly spent booting up his computer, logging into the ADP system, and troubleshooting problems with the ADP System. *See* Compl. (Doc. No. 1) ¶¶ 8-9. While *Heimbach* undoubtedly is relevant to the PMWA claim and these allegations, Garcia and Plaintiffs cannot, as they suggest in their Notice, now unilaterally redefine the claims pending in this case to include time related to other alleged "security protocols." *See* Notice at 1; *see also* Vertical Screen's Reply Brief in Support of its Motion for Summary Judgment (Doc. No. 91) at p. 4 (noting that Plaintiffs cannot raise a new theory of

---

[1] In contrast, the United States Supreme Court has held that postliminary security screening time is not compensable under the FLSA and the federal Portal-to-Portal Act. *See Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 35 (2014) (holding that employer-mandating security screenings are noncompensable postliminary activities).

liability in their summary judgment opposition brief or supplemental filings in support thereof under existing Third Circuit authority)

With respect to the substance of Vertical Screen's Omnibus Motion for Summary Judgment, the *Heimbach* decision does not alter the fact that Mr. Garcia has failed to meet his evidentiary burden with respect to his claim for overtime compensation under the PMWA or the FLSA. Mr. Garcia's claims still rest solely upon speculation and conjecture, for the reasons articulated on pages 7-12 of the memorandum of law supporting Vertical Screen's motion for summary judgment (Doc. No. 77).

Moreover, in light of the fact that, in a post-*Heimbach* landscape, claims for unpaid wages asserted under the FLSA and PMWA are now governed by two entirely different standards, certification of this hybrid collective-class action will pose substantial manageability challenges. For this reason, and for those asserted in Vertical Screen's brief in opposition to Plaintiffs' Rule 23 class certification motion (Doc. No. 86), certification of Mr. Garcia's class claims is inappropriate under Fed. R. Civ. P. 23.

For all these reasons, Vertical Screen respectfully reiterates its request that the Court enter summary judgment in Vertical Screen's favor dismissing Plaintiffs' claims in their entirety.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Jason E. Murtagh*
Jason E. Murtagh
Jacqueline Gallagher
Maureen Stampp (*pro hac vice*)
Monica L. Simmons
Mark A. Gulbranson

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760
jason.murtagh@bipc.com
maureen.stampp@bipc.com
monica.simmons@bipc.com
mark.gulbranson@bipc.com

*Attorneys for Defendant Vertical Screen, Inc.*

Dated:  July 30, 2021

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served upon all record counsel by electronically filing said document via the Court's ECF system on July 30, 2021.

/s/Jason Murtaugh